***NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

**IN RE REGINAL LEE DAVIS**

Civ. No. 24-9951 (RMB-EAP)

**MEMORANDUM ORDER**

**IT APPEARING THAT:**

1. On November 8, 2024, this Court consolidated complaints and petitions filed pro se by Reginal Lee Davis and stayed those actions pending appointment of pro bono counsel. (Dkt. No. 4 "Consolidation and Stay Order").

2. Davis continued to file incoherent submissions in this consolidated proceeding. *See*, *e.g.*, Dkt. Nos. 5-29, 32-35.

3. On August 5, 2025, Plaintiff filed a notice of appeal. (Dkt. No. 37, Notice of Appeal.) The Court stayed appointment of pro bono counsel pending appeal. (Dkt. No. 43, Text Order.)

4. The Third Circuit dismissed Petitioner's appeal for lack of jurisdiction on December 17, 2025. (Dkt. No. 45, Order of USCA.)

5. On April 29, 2026, the Court appointed Jonathan J. Sobel, Esq. as pro bono counsel to Plaintiff in this matter. (Dkt. No. 49, Order.)

6. Plaintiff continued to file incomprehensible submissions in this matter. *See*, *e.g.*, Dkt. Nos. 51-58.

7. On June 30, 2026, Attorney Sobel filed a motion to withdraw as pro bono counsel pursuant to L. R. Civ. P. 102.1, which provides "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court" and pursuant to Appendix H § 5(a)(iii) and (iv) of the local rules, which permits appointed counsel to move to withdraw, among other things, if "a personal incompatibility exists between the attorney and the party, or a substantial disagreement exists between the attorney and the party concerning litigation strategy." (Dkt. No. 59, "Motion to Withdraw"). Attorney Sobel has established that Davis refuses to communicate or cooperate with him in prosecution of these consolidated matters, and Plaintiff wishes to represent himself. *See* Dkt. No. 59-1.

8. Accordingly, for good cause shown, the Court will grant the motion to withdraw as pro bono counsel.

9. The Court will grant Plaintiff leave to file a comprehensible amended complaint that states a cognizable claim for relief and/or an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, if Petitioner is challenging a state court judgment and has exhausted the remedies available in the courts of the State of New Jersey. Failure to do so will result in dismissal of these consolidated matters with prejudice.

**IT IS** therefore on this **12th day of August 2026**,

**ORDERED** that the motion to withdraw as pro bono counsel, Dkt. No. 59, is **GRANTED**; and it is further

**ORDERED** that, within 30 days of this Order, Plaintiff shall submit an amended complaint that states a cognizable claim for relief and/or an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, if Petitioner challenges a state court judgment and has exhausted the remedies available in the courts of the State of New Jersey. Plaintiff's failure to do so will result in dismissal of these consolidated matters with prejudice; it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge